UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Case No. 6:06-cv-02867-HFF

| | |
|---|---|
| Edward W. Van Romer and Basic Concepts, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Interstate Products. Inc.,<br><br>Defendant. | **PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND SUPPORTING MEMORANDUM** |

## INTRODUCTION

Edward W. Van Romer and Basic Concepts, Inc. (collectively "Van Romer") move to exclude arguments and testimony concerning the terms "generally vertical" and "inclined brace legs" introduced in Defendant's Memorandum In Opposition To Plaintiffs' Motion For Partial Summary Judgment of Infringement [Dkt. 104, pgs. 3-7]. The arguments, and testimony supporting the arguments, are based on errors of law and would be confusing and misleading to the jury, as shown more fully below.

## FACTUAL BACKGROUND

Van Romer brings this action under 35 U.S.C. § 271 against Interstate Products for infringement of Van Romer's patent for collapsible spill containment berms, the '233 patent. One of defendant's grounds for opposing plaintiffs' motion for summary judgment of infringement was that defendant's containment berm did not have a "generally vertical" brace leg.

**DISCUSSION**

Claims 1 and 16 of the ‘233 patent require portable side braces for the spill containment that include three different legs, a generally vertical leg, an inclined leg, and a horizontal leg. The purpose of the generally vertical leg is to provide sufficient rigidity to the sidewall to prevent bowing and loosing liquid. The inclined leg extends from the ground at an angle to the top of the generally vertical leg. The purpose of the inclined leg is to brace the sidewall against the outward forces of the liquid inside the containment. As required by the definiteness requirement of 35 USC 112, the vertical leg and inclined leg are named differently to differentiate the parts..

Defendant’s accused containment includes the same three legs and, in particular, includes a generally vertical leg which provides sufficient rigidity to maintain the sidewall upright, and an inclined leg which braces the sidewall against the outward forces of liquid inside the containment. However, because defendant’s generally vertical leg and inclined leg have the same length and make the same angles, they form an A-frame. Since the legs of the A-frame are oriented at the same angle, defendant maintains that it cannot have two different legs, i.e., a generally vertical leg and an inclined leg. That because the legs look alike, they must both be inclined legs. This is a ridiculous argument and is contrary to well accepted patent law that allows and requires that two different elements be given two different names, they cannot be called the same name or the claim would be indefinite.

Defendant would have the trier of fact to believe that because the two different legs have the same angle orientation with respect to either the horizontal or vertical, they cannot have two different names. This is wrong, they must have different names. First, 35 USC 112, states “the specification shall conclude with one or more claims particularly pointing out and distinctly

claiming the subject matter which the applicant regards as his invention." In order to satisfy the statute, the first time an element is introduced in a claim, it is named. If that element is referred back to again, one must use the same name. If two elements have the same name one could not determine the element being referred to. See, Attachment A, Faber On Mechanics Of Patent Claim Drafting, Section 3:7, pgs 3-7, 3:21, 3-22, and 3-25; and Section 3:14, pgs 3-55. When referring back to an element in a claim, it must be perfectly clear which element is being referred back to. One can see the error in defendant's position if the two different legs and the brace recited in claims 1 and 16 were given the same name, i.e., inclined leg. That is what defendant proposes. The rigid leg in the wall is called a generally vertical leg, and the rigid inclined leg extending between the ground and the vertical leg must have different names or the claim would be indefinite because one could not follow which element the claim was referred to. The names of different element in the claim must be able to be differentiated from each other. Thus if the names were the same this could not happen.

Accordingly, defendant contentions that it does not have a generally vertical leg because the leg in the sidewall and the leg in the inclined brace are at the same orientation is incorrect. Under proper claim drafting, one cannot give the leg in the sidewall and the leg in the inclined brace the same name. Therefore, the use of the two different names does not allow a valid defense no matter how you twist words and confuse the jury. If the patent requirement for a generally vertical leg reads on the leg in defendant's sidewall, that requirement is present. If the requirement for a inclined leg in the claim reads on the leg extending between the sidewall and the ground, then that requirement is present.

For the above reasons, plaintiffs request the Court to exclude testimony as presented in the argument of defendant on the identified pages.

.

Dated: October 13, 2009
Greenville, South Carolina

Respectfully submitted,

MCNAIR LAW FIRM, P.A.

By: /s/ Cort Flint

Cort Flint, Federal ID #830
McNair Law Firm, P.A.
P.O. Box 10827
Greenville, SC 29603-0827
(864) 271-4940
cflint@mcnair.net

Hunter S. Freeman, Federal ID #9313
McNair Law Firm
P.O. Box 10827
Greenville, SC 29603-0827
(864) 271-4940
hfreeman@mcnair.net

Ronald E. Cardwell, Federal ID #5038
McNair Law Firm, P.A.
P.O. Box 447
Greenville, SC 29602
(864) 271-4940
rcardwell@mcnair.net

Attorneys for Plaintiffs