**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Edward W. Van Romer and Basic Concepts, Inc.,<br><br>Plaintiffs,<br><br>v.<br><br>Interstate Products, Inc.,<br><br>Defendant. | Case No. 6:06-cv-02867-HFF<br><br>**PLAINTIFFS' MOTION IN LIMINE TO EXCLUDE TESTIMONY AND SUPPORTING MEMORANDUM** |

# ATTACHMENT A

# Faber on Mechanics of Patent Claim Drafting

**SIXTH EDITION**

**ROBERT C. FABER**

(Formerly *Landis on Mechanics of Patent Claim Drafting*, by Robert C. Faber)

Incorporating Release No. 1
July 2009
#20808

Practising Law Institute
New York City

**16966**

applies equally well in all classes and types of inventions—mechanical, electrical, chemical—but the problems most frequently arise in complex electronic circuits, particularly block diagram, means-type disclosures, and most particularly, disclosures concerned with computer software. But block diagrams can also cause "best mode problems" (under 35 U.S.C. § 112).[22]

**Summary**

*Have clear and unambiguous support in the detailed description for all words and phrases in the claim, so that anyone can understand how the claim reads on the description. Also, all structures described in the claim must be illustrated in the drawing, even old or conventional things.*

## § 3:7 Naming the Elements

It is good practice to analyze the structure and select the essential elements to be claimed, with whatever scope is desired, before starting to write a claim. It is well known that absence of any one claim element from an accused device, product or method will avoid infringement of that claim.[23] The fewer the number of different elements included, the broader in scope is the claim and the less likely it is that a copyist will be able to design an embodiment that will lack one of the claim elements. But make the claim too broad by claiming too few of the elements, and there may be insufficient limits to save the claim from invalidity. In *SmithKline Beecham Corp. v. Apotex Corp.*,[24] the claim was a simple "(1) crystalline paroxetine hydrochloride hemihydrate." The district court incorrectly limited the claim to commercially significant amounts, avoiding coverage of trace amounts. The Federal Circuit reversed, found no such claim limitation, gave the claim its broad scope and held it invalid for prior public use, but not under section 112, paragraph 2.

The elements must be assigned names, such as base, container, legs, and means for oscillating in Claim 1 (section 3:1.1). The exact name selected for each element is often not critical, as long as the claim drafter is not mistaken. Of course, if the element is named

---

22. *See* Union Carbide Corp. v. Borg Warner Corp., 193 U.S.P.Q. (BNA) 1 (6th Cir. 1977) (box labeled "extruder" held not proper to disclosed best mode of practicing process that would include step "extruding").

23. Novartis Pharms. Corp. v. Abbot Labs., 375 F.3d 1328, 71 U.S.P.Q.2d (BNA) 1650 (Fed. Cir. 2004); Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 76 U.S.P.Q.2d (BNA) 1001 (Fed. Cir. 2005).

24. SmithKline Beecham Corp. v. Apotex Corp., 365 F.3d 1306, 70 U.S.P.Q.2d (BNA) 1737 (Fed. Cir. 2004).

narrowly, for example "slidably mounted," it may exclude a similarly functioning element that the patentee believes is an equivalent, but which the court finds not to be.[25]

Correspondingly, be careful not to use a word that is too broad in scope, without applicable limiting words. In *In re Bigio*,[26] the claim term in issue was "hairbrush." Without a specific limitation in the claim, the court said, the hair might be anywhere on a person, not just on the top of the head, or even hair on an animal. In *SmithKline Beecham Corp. v. Apotex Corp.*,[27] the claim element "crystalline paroxetine hydrochloride hemihydrate" was construed to encompass any such compound and was not limited to only commercially significant amounts. Precision in language used is critical; it should be not too narrow and not broader than the drafter intended. While an applicant in theory has Humpty Dumpty's privilege of making words mean what he wants them to mean, no term may be given a meaning repugnant to its usual meaning.[28] A claim term takes its ordinary meaning[29] unless the applicant for patent redefined the term in the intrinsic record, using words of "manifest exclusion or restriction."[30]

In *Merck & Co. v. Teva Pharmaceuticals USA, Inc.*,[31] the court rejected the patentee's effort to redefine "about" as "exactly" by referring to a passage in the specification. The court said that the patentee's attempted lexicography must appear with reasonable clarity, deliberateness, and precision before it can affect a claim.[32] The court in *Merck* found the statement in the patent to be ambiguous, so the word was given its ordinary meaning of approximately, rather than exactly.[33]

---

25. Freedman Seating Co. v. Am. Seating Co., 420 F.3d 1350, 76 U.S.P.Q.2d (BNA) 1001 (Fed. Cir. 2005).
26. *In re* Bigio, 381 F.3d 1320, 72 U.S.P.Q.2d (BNA) 1209 (Fed. Cir. 2004).
27. SmithKline Beecham Corp. v. Apotex Corp., 403 F.3d 1331, 74 U.S.P.Q.2d (BNA) 1398 (Fed. Cir. 2005).
28. M.P.E.P. § 2173.05(b).
29. W.E. Hall Co. v. Atlanta Corrugating LLC, 370 F.3d 1343, 71 U.S.P.Q.2d (BNA) 1135 (Fed. Cir. 2004); Brookhill-Wilk 1 LLC v. Intuitive Surgical, Inc., 334 F.3d 1294, 67 U.S.P.Q.2d (BNA) 1132 (Fed. Cir. 2003); Combined Sys., Inc. v. Defense Tech. Corp. of Am., 350 F.3d 1207, 68 U.S.P.Q.2d (BNA) 1933 (Fed. Cir. 2003); Int'l Rectifier Corp. v. IXYS Corp., 361 F.3d 1363, 70 U.S.P.Q.2d (BNA) 1209 (Fed. Cir. 2004).
30. Teleflex, Inc. v. Ficosa N. Am. Corp., 299 F.3d 1313, 63 U.S.P.Q.2d (BNA) 1374 (Fed. Cir. 2002). In Irdeto Access, Inc. v. Echostar Satellite Corp., 383 F.3d 1295, 72 U.S.P.Q.2d (BNA) 1678 (Fed. Cir. 2004), the court construed "group" as described in the specification, as there is no accepted definition in this art or in a dictionary.
31. Merck & Co. v. Teva Pharms. USA, Inc., 395 F.3d 1364, 73 U.S.P.Q.2d (BNA) 1641 (Fed. Cir. 2005).
32. *In re* Paulsen, 30 F.3d 1475, 31 U.S.P.Q.2d (BNA) 1671 (Fed. Cir. 1994).
33. *See* M.P.E.P. § 2173.05(b)A.

In different patents, their respective different intrinsic records can give the same claim term different constructions. For example, "substantially uniform" was construed differently in different cases, because of different definitions in the specification or prosecution history and because the two patents were in completely different arts, magnetic resonance imaging and a washing detergent.[34]

This rule is often stated as the "applicant may be his own lexicographer."[35] But this is still within limits. Of course, the words used must have "clear support or antecedent basis" in the specification, or at least in the drawing, as mentioned in section 3:6, above.[36] But the mere fact that a claim term has no antecedent basis in the specification does not necessarily make the claim term indefinite.[37] It is very important to make all parts of the specification consistent with the claims. When one wishes to impart a special meaning to a word or phrase appearing in the claims, one should define that word or phrase in the specification; for example, "As used in this description and in the appended claims, the word '_____________' means '_______________.'" However, do not use ridiculous words such as "gizmo" or "widget."

The doctrine of claim differentiation (see section 8:2) also helps to define an element named in a claim. In *SunRace Roots Enter. Co. v. SRAM Corp.*,[38] the term "shift actuator" in the independent claim was given a broad scope, because the dependent claim defined a cam means of which the shift actuator was comprised. Hence, the independent claim was not restricted by having the element of the dependent claim

---

34. Medrad, Inc. v. MRI Devices Corp., 401 F.3d 1313, 74 U.S.P.Q.2d (BNA) 1184 (Fed. Cir. 2005).

35. M.P.E.P. § 2173.01; M.P.E.P. § 2173.05(a)III; Lear Siegler, Inc. v. Aerogrip Corp., 221 U.S.P.Q. (BNA) 1025, 1031 (Fed. Cir. 1984); W.L. Gore Assocs. v. Garlock, Inc., 220 U.S.P.Q. (BNA) 303, 316 (Fed. Cir. 1983); W.E. Hall Co. v. Atlanta Corrugating LLC, 370 F.3d 1343, 71 U.S.P.Q.2d (BNA) 1135 (Fed. Cir. 2004); Combined Sys., Inc. v. Defense Tech. Corp. of Am., 350 F.3d 1207, 68 U.S.P.Q.2d (BNA) 1933 (Fed. Cir. 2003); 3M Innovative Props. Co. v. Avery Dennison Corp., 350 F.3d 1365, 69 U.S.P.Q.2d (BNA) 1050 (Fed. Cir. 2003); Vitronics Corp. v. Conceptronic, Inc., 90 F.3d 1576, 39 U.S.P.Q.2d (BNA) 1573 (Fed. Cir. 1996); Phillips v. AWH Corp., 415 F.3d 1303, 75 U.S.P.Q.2d (BNA) 1321 (Fed. Cir. 2005); Sinorgchem v. Int'l Trade Comm'n, 511 F.3d 1132, 85 U.S.P.Q.2d (BNA) 1415 (Fed. Cir. 2007).

36. Cook Biotech, Inc. v. ACell, Inc., 460 F.3d 1365, 79 U.S.P.Q.2d (BNA) 1865 (Fed. Cir. 2006).

37. M.P.E.P. § 2173.05(e). *See* Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 493 F.3d 1358, 83 U.S.P.Q.2d (BNA) 1425 (Fed. Cir. 2007) ("heading" of an aircraft in claim was not a word in the specification, but the specification was clear as to its meaning, and the prosecution also provided guidance).

38. SunRace Roots Enter. Co. v. SRAM Corp., 336 F.3d 1298, 67 U.S.P.Q.2d (BNA) 1438 (Fed. Cir. 2003).

read into the independent claim. A prior claim element can be kept broader in scope by a later dependent claim defining features or limitations on the previously claimed element. This is how naming an element can be used to give the element broad scope.

A patentee may define elements in one claim with different levels of detail, some more specific, some less so. The court or the examiner cannot rewrite or construe a broadly claimed element narrowly.[39]

Also, be sure that there is a corresponding structure in the specifications and drawings to every structure claimed. If no structure is disclosed corresponding to one claimed, the claim is indefinite.[40]

In *AK Steel Corp. v. Sollac*,[41] the claims encompassed silicon to 10%, but the specification said that silicon above 0.5% presents a problem. The claim was not enabled by the specification. In *Honeywell International, Inc. v. International Trade Commission*[42] the Federal Circuit said:

> After reviewing the entire record regarding claim construction, we . . . hold that the claims are insolubly ambiguous and hence indefinite, with respect to a required sample preparation method. As we discuss below, with respect to each proffered construction, the claims, the written description, and the prosecution history fail to give us, as the interpreter of the claim term, any guidance to what one of ordinary skill in the art would interpret the claim to require. Moreover, because the sample preparation method is critical to discerning. . . .

If there is no disclosure of a claim term in any of the documents associated with the application and none is known in the relevant art as demonstrable in published documents or in some other manner, the claim term is indefinite. The unpublished confidential documents of the applicant in *Honeywell*, which used the term, could not be relied on.

The meaning of every term in a claim should be apparent from the specification as filed, although the M.P.E.P. also permits the meaning to be apparent from the prior art or the drawings filed.[43] If there is no

---

39. Resonate, Inc. v. Alteon Websystems, Inc., 338 F.3d 1360, 67 U.S.P.Q.2d (BNA) 1771 (Fed. Cir. 2003).
40. M.P.E.P. §§ 2164.08, 2173.03; section 3:6.
41. AK Steel Corp. v. Sollac, 344 F.3d 1234, 1244, 68 U.S.P.Q.2d (BNA) 1280, 1287 (Fed. Cir. 2003); *In re* Cohn, 438 F.2d 989, 169 U.S.P.Q. (BNA) 95 (C.C.P.A. 1971); *In re* Hammack, 427 F.2d 1378, 166 U.S.P.Q. (BNA) 204 (C.C.P.A. 1970).
42. Honeywell Int'l, Inc. v. Int'l Trade Comm'n, 341 F.3d 1322, 68 U.S.P.Q.2d (BNA) 1023 (Fed. Cir. 2003).
43. M.P.E.P. § 2173.05(a)I. *See* Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 493 F.3d 1358, 83 U.S.P.Q.2d (BNA) 1425 (Fed. Cir. 2007).

disclosed structure for a claim element other than a person who performs the function ("third monitoring means for monitoring the ECG signal"), then the claim is indefinite, since it does not define elements of a machine.[44]

Frequently in mechanical apparatus, there are various expressions that could be used. For example, in Claim 1, the base could have been called "a support," "a mounting plate," or the like. The container might have been designated "a box" or "a holder." The choices available frequently are descriptive names for an important function or purpose of the element named.

In most cases, the inventor or a mechanical dictionary can supply the precise name for a part in any specific embodiment. Appendix D contains a glossary of many mechanical terms commonly used in patents. For the broader claims, a generic word is usually needed. If no concrete generic name is available, often a homemade name indicating the function of the part may be used, such as "a rotary member" or "a holder," together with as much description of the part and its function as is necessary. Also "means" clauses are often used to describe an element broadly (see section 3:29).

Especially for a new technology, the claim writer and specification writer may select a new term that would be understood by one skilled in the art.[45]

A patentee may be his own lexicographer and may even give a known term a meaning that is contrary to its ordinary meaning. But the specification should make clear to one skilled in the art what that term means.[46]

The claim writer must use care to avoid naming an element too narrowly. A "screw" is not a "nail," while a "fastening element" is generic to those two, plus others. It is preferable to have claim language that encompasses an accused device than to have to ask a court to apply the doctrine of equivalents to an element claimed too narrowly. In *In re Lew,*[47] the Federal Circuit affirmed a Board of Appeals decision that an attempted replacement of "ball bearing" with the broader scope "curved member" was not supported by the Applicant's initial disclosure of only "ball bearing."

Claiming one disclosed embodiment while another embodiment is not expressly claimed may dedicate the other embodiment to the

---

44. Cardiac Pacemakers, Inc. v. St. Jude Med., Inc., 296 F.3d 1106, 63 U.S.P.Q.2d (BNA) 1725, 1732–33 (Fed. Cir. 2002).
45. M.P.E.P. § 2173.05(a)(II).
46. M.P.E.P. § 2173.05(a)(III) and § 2173.01; Control Corp. v. HydReclaim Corp., 190 F.3d 1350, 1357, 52 U.S.P.Q.2d (BNA) 1029, 1033 (Fed. Cir. 1999); Hormone Research Found., Inc. v. Genentech, Inc., 904 F.2d 1558, 15 U.S.P.Q.2d (BNA) 1039 (Fed. Cir. 1990).
47. *In re* Lew, 257 F. App'x 281 (Fed. Cir. 2007) (nonprecedential).

public, and the doctrine of equivalents may not be available to bring the claim language to the unclaimed embodiment.[48] In *Johnson & Johnston Associates, Inc. v. R.E. Service Co.*,[49] which established this disclosure dedication rule, the Federal Circuit held that a claim to an aluminum substrate could not be expanded in scope by the doctrine of equivalents to cover a steel substrate that had been disclosed but not claimed. This is not applicable to using the doctrine of equivalents to cover another embodiment which was not disclosed in the specification. Therefore if the steel embodiment had not been disclosed, the aluminum embodiment might have been expandable to cover the steel embodiment under the doctrine of equivalents. In *PSC Computer Prod., Inc. v. Foxconn International, Inc.*[50] the Federal Circuit found dedication of plastic clip parts to the public when the specification disclosed plastic or metal parts and the claims mentioned only metal parts. Thus, how the specification is written has bearing on how the claim will be construed. The foregoing applies not only to claims as they are originally presented at the filing of the application, but to amendment of claims during the prosecution of the application, as discussed at length in section 2:13.[51]

New terms may be adopted by an applicant and often are used for new technology. If the claims, read in light of the specification, reasonably apprise those skilled in the art of the utilization and scope of the invention and if the language is as precise as the subject matter permits, section 112 is satisfied.[52]

Where practical, it is best to give two similar but different elements distinct names, such as "a holding member" and "a support member" even when in common usage those different elements might be identified by the same name. In other cases, this is not possible, in which case designations such as "first" or "second" should be used: "a first rotating member, . . . a second rotating member . . ." Be careful that "first" and "second" are not given substantive meanings beyond distinguishing one of a kind from another of the same kind. In *3M Innovative Properties Co. v. Avery Dennison Corp.*,[53] the product claim recited: "at least one surface that has a multiple embossed

48. Toro Corp. v. White Consol. Indus., Inc., 383 F.3d 1326, 72 U.S.P.Q.2d (BNA) 1449 (Fed. Cir. 2004).
49. Johnson & Johnston Assocs., Inc. v. R.E. Serv. Co., 285 F.3d 1046, 62 U.S.P.Q.2d (BNA) 1225 (Fed. Cir. 2002).
50. PSC Computer Prod., Inc. v. Foxconn Int'l, Inc., 355 F.3d 1353, 69 U.S.P.Q.2d 1460 (Fed. Cir. 2004).
51. *See also* Voda v. Cordis Corp., 536 F.3d 1311, 87 U.S.P.Q.2d (BNA) 1742 (Fed. Cir. 2008).
52. M.P.E.P. § 2173.05(a); *In re* Burke, Inc., 786 F. Supp. 1537, 22 U.S.P.Q.2d (BNA) 1368, 1372 (C.D. Cal. 1992).
53. 3M Innovative Props. Co. v. Avery Dennison Corp., 350 F.3d 1365, 69 U.S.P.Q.2d (BNA) 1050 (Fed. Cir. 2003).

pattern having a first embossed pattern and a second embossed pattern." The district court read that as requiring that the embossment steps have been done in sequence. The Federal Circuit rightly decided that two patterns were being claimed, but their sequence was not because use of "first" and "second" to modify a noun identifying an element is a common patent practitioner's convention to distinguish between repeated instances of an element or a claim limitation. "First" was misread again in "first pivot point."[54] "First" does not denote a spatial location of the pivot point. It is a word that associates one element with another. Alternatively, the distinguishing adjective may refer to another element with which the named element is associated: "a base rotating member, . . . a connector rotating member. . . ." Thereafter the elements must be clearly and consistently named throughout all of the claims.

Use the same name for the element consistently throughout every claim. Do not change the noun. Do not change any adjectives. "Because claim terms are normally used consistently throughout the patent, the usage of a term in one claim can illuminate the meaning of the same term in other claims."[55] An adjective once used need not be repeated upon each subsequent appearance of its noun. But if the adjective has a subsequent appearance, the word(s) used must remain the same. An item called a "member," as in "connecting member," is always a "member," throughout all claims dependent upon the same claim in which the element has been first named. In *Ex parte Oetiker*,[56] the Board of Appeals and Interferences found a claim indefinite because an element therein appeared to have been twice claimed, first as "a pan-shaped depression means" and later as "a respective depression means." Not only did the applicant change the name, he used the indefinite article "a" twice. In a claim which does not depend from one naming an element, another name may be used for the same element. For example, in one chain of claims, the element may be the broader "surface," while in another chain of claims, the element may be the narrower "anvil" of which the surface is only a part. Within each claim chain, the name of the element may never change. The "member" cannot sometimes be an "element," that is, it cannot be a "connecting element." An "element" would be a different claimed structure. If elements are named to suggest to the reader that two of them are present when in fact there is only one, this causes double inclusion of

---

54. Free Motion Fitness, Inc. v. Cybex Int'l, Inc., 423 F.3d 1343, 76 U.S.P.Q.2d (BNA) 1432 (Fed. Cir. 2005).
55. Phillips v. AWH Corp., 415 F.3d 1303, 75 U.S.P.Q.2d (BNA) 1321 (Fed. Cir. 2005); *In re* Omeprazole Patent Litig., 536 F.3d 1361, 87 U.S.P.Q.2d (BNA) 1865 (Fed. Cir. 2008); *see* M.P.E.P. § 2173.05(e).
56. *Ex parte* Oetiker, 23 U.S.P.Q.2d (BNA) 1651, 1655 (B.P.A.I. 1992).

the twice-named element and the resulting claim may be held to be indefinite.[57]

Furthermore, if the same claim term appears in different portions of one claim or in different claims, there is a presumption that the term has the same meaning, unless the specification or the prosecution history shows otherwise.[58] In *Schoenhaus v. Genesco, Inc.*, the words "orthotic device" appeared in claims 1 and 2, and the court held that they could not have inconsistent meanings. To use the same term but attribute different meanings to it, use a different modifier, like a different adjective, or include additional explanatory words at each appearance of the term, like "operable for," "causing," or the like.

Often, an element is described not only by the noun, for example, "member," but by adjectives which modify the noun, as "connecting member" or "left side connecting member." After any feature is first named completely with all its adjectives in a claim, subsequent mentions of the feature in that claim or in subsequent dependent claims in the claim chain, following the first naming of the element, must use the same noun for that element, but may use fewer than all of the adjectives, thereafter calling it "member" or "connecting member," without the other adjectives "left side." The only limit on this freedom to drop adjectives is that there must be no other element whose designation, when shortened either to the noun alone or to the noun plus fewer than all of its adjectives, would be identified by the same words, because that would cause confusion as to which element was meant. Further, in a chain of claims following the one that first uses an adjective, the adjective cannot change. It may be deleted, as just noted, but not changed. If it is "an upper engaging member," it cannot later be "the upper holding member" or the "top engaging member."

For clarity in claim writing, I recommend avoiding use of first, second, third, etc., as the adjective which distinguishes one element from another. This usage is proper and so long as the adjective is used consistently, it cannot be considered ambiguous. However, sometimes a more descriptive adjective, descriptive, for example, as to function or location or major characteristics (left side, elongate, etc.) might help the claim reader determine which element is being identified. On the other hand, the elements designated first, second, third, etc., may be identical in structure and function and may be distinguishable only by a nondescriptive adjective, or maybe using a descriptive adjective

---

57. M.P.E.P. § 2173.05(o). *See* section 3:12, *infra*.

58. Schoenhaus v. Genesco, Inc., 440 F.3d 1354, 78 U.S.P.Q.2d (BNA) 1252 (Fed. Cir. 2006); Fin Control Sys. Pty, Ltd. v. OAM, Inc., 265 F.3d 1311, 60 U.S.P.Q.2d (BNA) 1203 (Fed. Cir. 2002). *See* Phillips v. AWH Corp., 415 F.3d 1303, 75 U.S.P.Q.2d (BNA) 1321 (Fed. Cir. 2005).

would, in the drafter's opinion, impermissibly narrow the scope of the recited element. Further, reciting only the adjectives first, second, etc., is useful where there are two or more ways of arranging elements and the claim writer wishes to encompass all of the ways, so that one location or arrangement would be first and the other would be second, without specifying which is which. Each element must always be described in such a distinctive manner as to clearly distinguish it from other similar or identical elements, as covered in section 3:3, above. Use the same terminology in the specification, as in the claims, even to at least once identifying the claimed elements using their distinguishing adjective, that is, first or second, base or connector, etc.

Where possible, a claim should be complete in itself. Incorporation by reference to a specific figure, drawing, or table in the specification is permitted only in exceptional circumstances, where there is no other practical way to define the invention in words or where it is more concise to incorporate by reference than to duplicate a drawing or a table.[59]

An element of an apparatus in a claim is not defined by or affected by the manner in which it was created.[59.1] Even if an element of a structure under investigation was created in a way not reasonably suggested in the specification supporting the claim element, the claim element may be satisfied by the actual structure, however it was created.

**Summary**

*Select a clear name for each element, based on the detailed specification description where given. Where a broad scope name is desired, functional names, such as "a fastener" or "means for moving . . . ," should be used.*

## § 3:8 Plain Meaning of Claim Terms

When an element or a limitation in a claim is construed, it is to be given its plain or ordinary meaning.[60] A schism developed in the Federal Circuit as to the sources to which one looks for defining that plain meaning. While all judges agreed that the plain meaning was to be used, individual judges had differing views as to the sources to

59. M.P.E.P. § 2173.05(s).
59.1. AFG Indus., Inc. v. Cardinal IG Co., 375 F.3d 1367, 71 U.S.P.Q.2d (BNA) 1678 (Fed. Cir. 2004).
60. M.P.E.P. § 2111.01.I; Miken Composites LLC v. Wilson Sporting Goods Co., 515 F.3d 1331, 85 U.S.P.Q.2d (BNA) 1865, 1869 (Fed. Cir. 2008).

which one looked to find the plain meaning and the priority of one source over another.

The words used in a claim are to be interpreted in light of the intrinsic record of the patent, which includes the claim language[61] itself, as well as the written description, drawings, and prosecution history.[62] But the Federal Circuit has said that "in the absence of an express intent to impart a novel meaning to the claim terms, the words are presumed to take on the ordinary and customary meanings attributed to them by those of ordinary skill in the art."[63] This is so even if the plain meaning effectively incorporates a process limitation into a product element or product claim.[64] Conversely, if the specification restricts a term to a narrower meaning than the ordinary and customary meaning of that term, the narrower meaning controls.[65] If, as a claim writer, you want an unambiguous meaning for all claim terms, provide a clear intrinsic record during application preparation by defining the term used in the specification and during subsequent prosecution. Clearly define any element or limitation thereof which may be relevant later when the claim language may be construed by another person.

Where was one to find to find that ordinary and customary meaning?

The typical view was stated in *Combined Systems, Inc. v. Defense Technology Corporation of America*,[66] wherein the Federal Circuit found support for its claim construction in the written description and drawings of the patent and found that the district court had not

---

61. Phillips v. AWH Corp., 415 F.3d 1303, 75 U.S.P.Q.2d (BNA) 1321 (Fed. Cir. 2005); Lucent Techs., Inc. v. Gateway, Inc., 525 F.3d 1200, 87 U.S.P.Q.2d (BNA) 1001 (Fed. Cir. 2008) (claim clear enough that it needs no redefinition from the specification).

62. *Phillips*, 415 F. 3d 1303; Howmedica Osteonics Corp. v. Tranquil Prospects Ltd., 401 F.3d 1367, 74 U.S.P.Q.2d (BNA) 1680 (Fed. Cir. 2005), wherein the court found "transverse sectional dimension" definite by referring to its description in the specification; ASM Am., Inc. v. Genus, Inc., 401 F.3d 1340, 746 U.S.P.Q.2d (BNA) 1211 (Fed. Cir. 2005), wherein the court construed the terms "reaction space" and "evacuation" by referring to the patent specification; Honeywell Int'l, Inc. v. Universal Avionics Sys. Corp., 493 F.3d 1358, 83 U.S.P.Q.2d (BNA) 1425 (Fed. Cir. 2007); Halliburton Energy Servs., Inc. v. M-I, LLC, 514 F.3d 1244, 85 U.S.P.Q.2d (BNA) 1654 (Fed. Cir. 2008) ("fragile gel" indefinite).

63. Brookhill-Wilk 1 LLC v. Intuitive Surgical, Inc., 334 F.3d 1294, 67 U.S.P.Q.2d (BNA) 1132 (Fed. Cir. 2003). *See* Renishaw PLC v. Marposs SpA, 158 F.3d 1243, 1248, 48 U.S.P.Q.2d (BNA) 1117 (Fed. Cir. 1998).

64. Miken Composites LLC v. Wilson Sporting Goods Co., 515 F.3d 1331, 85 U.S.P.Q.2d (BNA) 1865, 1870 (Fed. Cir. 2008).

65. Chamberlain Group, Inc. v. Lear Corp., 516 F.3d 1331, 86 U.S.P.Q.2d (BNA) 1104 (Fed. Cir. 2008).

66. Combined Sys., Inc. v. Defense Tech. Corp. of Am., 350 F.3d 1209, 68 U.S.P.Q.2d (BNA) 1933 (Fed. Cir. 2003).

## § 3:13 Use of Reference Numerals in Claims

Reference numerals corresponding to the specific elements or parts shown in the drawings may be used in claims. This practice, common in some foreign countries,[195] has been very rare in the United States. Section 608.01(m) of the M.P.E.P. provides for this practice on an optional and nonlimiting basis:

> Reference characters corresponding to elements recited in the detailed description and the drawings may be used in conjunction with the recitation of the same element or group of elements in the claims. The reference characters, however, should be enclosed within parentheses so as to avoid confusion with other numbers or characters which may appear in the claims. The use of reference characters is to be considered as having no effect on the scope of the claims.[196]

Although this technique may seem helpful in interpreting claims as long as the claim scope is not limited by the parenthetical numerals, it is almost never used at present, and many attorneys probably consider the practice unsafe. For example, when the claim is being interpreted for equivalents by a court, the court may still limit the scope of claim breadth due to the presence of numbers referring to drawings of an embodiment, despite the Manual's recommending (for examiners but not for judges) that the reference characters have no effect.

**Summary**

*Do not use reference characters from the drawings in claims, but it is not wrong to do so (if placed in parentheses).*

## § 3:14 Antecedents; Indefiniteness

Section 2173.05(e) of the M.P.E.P. describes how one claims new elements or refers back to elements already named. The first time an element or part is mentioned, it should not be preceded by a definite article ("the") or by "said." Instead the indefinite article ("a" or "an") should be used, as in Claim 1: "*a* container," "*a* base," etc.[197] This practice merely follows normal rules of grammar. Plural elements are

---

195. For example, some countries may require numerals throughout the claim and other countries may require numerals only in the body of the claim after the preamble and transition. In the latter countries, the preamble includes material known in the art and numerals are not there required.

196. *See also* M.P.E.P. § 2173.05(s).

197. *See* Abtox, Inc. v. Exitron Corp., 43 U.S.P.Q.2d (BNA) 1545, 1548 (Fed. Cir.), *modified on other grounds*, 46 U.S.P.Q.2d (BNA) 1735 (Fed. Cir. 1997).

not preceded by articles, as there is no plural indefinite article. Thus "containers." Sometimes an element is preceded by a numerical adjective when it is introduced in a claim, as "two containers." A "means for" clause requires no article: "means for oscillating . . . ." Note that none of these uses a definite article. When each previously identified element or part is referred to again, the definite article should be used, as "*the* container," "*the* base," or "*the* oscillating means" in Claim 1; or "*the* two containers," or simply "*the* two containers."[198]

If the definite article is not used for each subsequent appearance of the element and if an indefinite article is used, this will suggest to the reader that a new element is being identified, rather than the previously named element, and this will cause improper double inclusion of the element.[199]

The word "said" is used by many practitioners rather than "the" to refer back to previously recited elements, sometimes to a previously recited anything. This practice is unobjectionable, although perhaps overly legalistic. If "saids" or "thes" are used, one should be consistent in the usage and not alternate between those words in repetitions of the same element or among different elements. (However, one often sees alternation between "said" and "the" within a claim without any apparent reason, and there is usually no objection as to this form by an Examiner at the Patent Office.) One common style is to use "said" only for the elements themselves, and "the" for everything else. The expression "the said" that one sometimes sees is a patent redundancy and should be avoided.

When referring back to an element, it must be perfectly clear which element. The claim must be consistent within itself. For example, if two different levers or gears have been individually described in the claim, it is improper to refer back to "said lever" or "said gear";[200] refer to "said first gear," "said drive gear," etc., and correspondingly to the lever. When a claim element is named using an adjective, the adjective should be used the first time that the element is recited. For example, reciting "a lever" in the first appearance and "said aluminum lever" in the second appearance—adding a not previously recited adjective in the second appearance—is indefinite.[201] But the opposite is acceptable, namely reciting the noun and adjective for the first appearance of the

198. See section 3:3, *supra*, relating to inferential claiming.

199. M.P.E.P. § 2173.05(e); *Ex parte* Oetiker, 23 U.S.P.Q.2d (BNA) 1651, 1655 (B.P.A.I. 1992).

200. In Superior Fireplace Co. v. Majestic Prods. Co., 270 F.3d 1358, 60 U.S.P.Q.2d (BNA) 1668 (Fed. Cir. 2001), the claim first introduced "rear walls" and the next limitation referred to "the rear wall." The latter limitation is in the singular, the former is in the plural, and the claim is ambiguous.

201. M.P.E.P. § 2173.05(e).

claim element and later using the noun without any adjective. But never change an adjective between the first and later appearances. The foregoing holds for elements recited in all claims in a chain of claims from a parent claim through the chain of dependent claims.

Similarly, if a motor has been recited, do not refer back to "said drive means," that is, never change the name that was first given to an element. In another example, the claim recited "a handle" and then something connected to "a handle"; thus it was not clear whether the first handle was meant or a different one. Such descriptions are "indefinite." It is also improper to describe additional details of an element when referring back to that element as an antecedent; for example, if "a gear" has been recited, it would be improper to refer to "said *plastic* gear." This is also called an "indirect limitation." To introduce the "plastic" nature of the gear, use a describing clause, "the gear is plastic" or "the gear is comprised of plastic."

Omitting the antecedent for a claim element introduced by the reference-back terms "the" or "said" was held not to be indefinite, but it required overturning a holding of indefiniteness by an administrative law judge.[202] The court found the claim element "said zinc anode" not indefinite, despite that phrase being the first appearance of the zinc anode in that claim, because the scope of the claim was reasonably ascertainable in context by those skilled in the art. Not all word errors in claim drafting are forgiven.[203] To avoid such a problem, be sure that every reference-back word—whether "said," "the," or others that might be used, like "this," "each," and "every"—has the actual antecedent which the reference-back word implies.

Section 2173.05(e) of the M.P.E.P. states that inherent components of elements have antecedent basis in the recitation of the components themselves. An example cited is "the outer surface of said sphere." The sphere inherently has an outer surface so one need not specifically recite that surface as an element. Other examples exist: A rod has ends, a pivot bearing has a pivot axis. But it is not always clear as to what is inherent. Does an engine always have a drive shaft? Does a bicycle always have wheels? Can we say these are inherent features that need not be introduced first as claim elements, for example, the engine having a drive shaft or the bicycle having wheels? Perhaps it is preferred for certain definiteness that any feature of a claimed element, no matter how likely to be inherent, should be positively recited if required in a claim, for example, the sphere having an outer surface, the bicycle having wheels. Examiners at the U.S. Patent and Trademark Office have often been requiring antecedents for every element

---

202. Energizer Holdings, Inc. v. Int'l Trade Comm'n, 435 F.3d 1366, 77 U.S.P.Q.2d (BNA) 1625 (Fed. Cir. 2006).

203. *Id.*

introduced with "the" or "said." Providing antecedents always is thus preferable.

Claim limitations are often of such length that an attempt to refer back to an earlier mentioned element may introduce an ambiguity: "a handle connected to the gear, which is supported on the axis to pivot about it." To what does "which" and "it" refer, the handle, the gear, or the axis? Better would be "a handle connected to the gear, the handle is supported on the axis to pivot about the gear"—no ambiguity there. Do not hesitate to repeat the name of an element each time it appears in a clause (the handle). Avoid using indefinite words to refer back (which or that) or pronouns that do not mention the name of the element (it) unless there can be no doubt which element is being indicated. Wherever there is a second element between a first mentioned element and a later word referring back, as occurred in the above handle/gear/axis example, use of an indefinite reference back should be avoided, as ambiguity is virtually unavoidable.

In dependent claims also, one must be careful to avoid confusion between elements in any parent claims (or claims) and elements added by the dependent claim.

All such rejections or objections on matters of claim form are based upon claim "indefiniteness" of the claim and trace from 35 U.S.C. § 112, that is, the subject matter has not been "particularly pointed out and distinctly claimed," meaning that the examiner cannot tell what the claim covers.[204] In *In re Miller,*[205] the court held that an "indefiniteness" rejection must be based on section 112,[206] and held that the Patent and Trademark Office could not reject the claim under section 103 (obviousness) by ignoring the allegedly indefinite words.[207] The *Miller* court said: "All *words* in a claim must be considered in judging the patentability of that claim against the prior art."

This question arises in many contexts, such as preamble limitations (section 6:7), mental steps (section 4:10), functional language (section 3:24), printed matter (section 8:7), and others.

*Ex parte Schaefer*[208] holds that:

> Omission of some elements of the device [the complete device described in the specification, through the use of the preamble "comprising"—Section 7] makes the claim broad, but not vague, indefinite or misdescriptive.

---

204. *See* M.P.E.P. § 706.03(d); *In re* Venezia, 189 U.S.P.Q. (BNA) 149, 151 (C.C.P.A. 1976).
205. *In re* Miller, 169 U.S.P.Q. (BNA) 597, 600 (C.C.P.A. 1971).
206. M.P.E.P. § 706.02.
207. Citing *In re* Wilson, 165 U.S.P.Q. (BNA) 494 (C.C.P.A. 1970).
208. *Ex parte* Schaefer, 171 U.S.P.Q. (BNA) 110 (B.P.A.I. 1970).