IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| EDWARD W. VAN ROMER and ) <br> BASIC CONCEPTS, INC., ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> INTERSTATE PRODUCTS, INC., ) <br> ) <br> Defendant ) <br> _____ | Civil Action 6:06-cv-02867-HFF <br><br><br> **Plaintiffs' Reply and Answer to Defendant's Third Amended Answer And Counterclaims** |

Plaintiffs, Edward W. Van Romer and Basic Concepts, Inc., (hereinafter "plaintiffs") responds to the Third Amended Answer and Counterclaims (the "Third Amendment") of the defendant Interstate Products, Inc. ("Interstate") as hereinafter set forth.

1.      Each and every allegation of Defendant's Third Amendment not specifically admitted herein is denied.

2.      In response to paragraphs 1 through 25 of the Third Amendment, plaintiffs reiterate the allegations of their Complaint.

3.      In response to the allegations of paragraph 26 of the Third Amendment, plaintiffs admit that Edward Van Romer had the conception and began a reduction to practice of the invention disclosed in the '233 Patent as early as 1995 and, perhaps, the fall of 1994; that Basic Concepts came into possession of a berm of Seattle Tarp in February of 1997; that Van Romer and Kurt Johnson have seen the berm, and a comparison was made to a berm of plaintiffs which had been reduced to practice before

1

such time. The remaining allegations of paragraph 26 of the Third Amendment are denied.

4. The allegations of paragraph 27 of the Third Amendment are denied. By way of further response, plaintiffs state that the allegations improperly relate settlement discussions in violation of Rule 408, Federal Rules of Evidence.

5. The allegations of paragraph 28 and 29 of the Third Amendment are denied.

6. In response to the allegations of paragraph 30 of the Third Amendments, plaintiffs admit that Van Romer filed an application for a U.S. patent as identified after inspecting the Seattle Tarp berm. All remaining allegations of paragraph 30 are denied.

7. The allegations of paragraphs 31 and 32 of the Third Amendment do not require an admission or denial since they consist of statements or conclusions of law.

8. The allegations of paragraphs 33 and 34 of the Third Amendment are denied. By way of further response, plaintiffs state that the allegations improperly relate settlement discussions in violation of Rule 408, Federal Rules of Evidence.

9. In response to the allegations of paragraph 35 of the Third Amendment, plaintiffs deny any duty to disclose the Seattle Tarp berm, which is not known to be prior art. The remaining allegations of paragraph 35 are admitted.

10. In response to the allegations of paragraph 36(a) of the Third Amendment, plaintiffs admit that Van Romer, or his attorneys and agents, knew the duty of candor and good faith, disclosed prior art patents to the US Patent and Trademark Office, and did not disclose the berm of Seattle Tarp which was not then, or now, believed to be prior art. Plaintiffs specifically deny that the allegations of paragraph 36(a) show any

intent to deceive the US Patent and Trademark Office by plaintiffs.  Plaintiffs admit the allegations of paragraph 36(b), but deny that such allegations show any intent to deceive the US Patent and Trademark Office by plaintiffs.  As to paragraph 36(c), plaintiffs admit the letter of July 15, 1999, but specifically deny that the allegations of paragraph 36(c) show any intent to deceive the US Patent and Trademark Office by plaintiffs. All remaining allegations of paragraph 36 of the Third Amendment are denied.

11.     The allegations of paragraph 37 and 38 of the Third Amendment are denied.

### By Way Of Reply And For A First Defense To The First Counterclaim

12.     In response to the allegations of paragraph 39 of the Third Amendment, plaintiffs reiterate paragraphs 1 through 11 of this Reply and Answer as fully as if set forth herein.

13.     Plaintiffs admit that Edward W. Van Romer is an individual and Basic Concepts, Inc. is a corporation, and that they have an interest in U.S. Patent 5,762,233, as alleged in paragraph 40 of the Third Amendment.

14.     Plaintiffs are without knowledge or information sufficient to form a belief as to the truth of the averments of paragraph 41 of the Third Amendment.

15.     Plaintiffs admit the allegations of paragraph 42 of the Third Amendment.

16.     Plaintiffs admit the allegations of paragraph 43 of the Third Amendment, except deny venue is improper.

17.     Plaintiffs admit that the counterclaims as alleged in paragraph 44 of the Third Amendment purport to be counterclaims for declaratory judgment, but deny non-infringement of U.S. Patent 5,762,233 by defendant.

18.	Plaintiffs deny the allegations of paragraph 45 of the Third Amendment.

19.	Plaintiffs admit the allegations of paragraph 46 of the Third Amendment.

20.	Plaintiffs admit the allegations of paragraph 47 of the Third Amendment, except deny non-infringement and invalidity.

21.	Plaintiffs deny the allegations of paragraph 48 of the Third Amendment.

### By Way Of Reply And For A First Defense
### To The Second Counterclaim

22.	In response to the allegations of paragraph 49 of the Third Amendment, plaintiffs reiterate paragraphs 1 through 21 of this Reply and Answer as fully as if set forth herein.

23.	Plaintiffs deny the allegations of paragraph 50 of the Third Amendment.

24.	Plaintiffs deny the allegations of paragraph 51 of the Third Amendment.

### By Way Of Reply And For A First Defense
### To The Third Counterclaim

25.	In response to the allegations of paragraph 52 of the Third Amendment, plaintiffs reiterate paragraphs 1 through 24 of this Reply and Answer as fully as if set forth herein.

26.	Plaintiffs deny the allegations of paragraphs 53 to the Third Amendment.

27.	Plaintiffs deny the allegations of paragraph 54 to the Third Amendment.

### For A Second Defense To The Third Counterclaim

28.	Defendant's Third Counterclaim fails to state a claim upon which relief can be granted under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

**For a Third Defense To The Third Counterclaim**

29.     Defendant is not equitably entitled to a declaration of invalidity or unenforceability.

Wherefore, plaintiffs request that the Court dismiss the counterclaims with prejudice and award plaintiffs' their costs and attorneys' fees.

                               Respectfully submitted,

                               /s/ Cort Flint_____
                               Cort Flint, Fed ID 830
                               McNair Law Firm, PA
                               P.O. Box 10827
                               Greenville, SC  29603-0827
                               Telephone: 864-232-4261
                               Email: cflint@mcnair.net


                               /s/Natalma M. McKnew_____
                               Natalma M. McKnew, Fed. ID No. 186
                               Smith Moore Leatherwood LLP
                               300 E. McBee Avenue, Suite 500 (29601)
                               P.O. Box 87
                               Greenville, South Carolina 29602
                               Telephone: (864) 242-6440
                               Facsimile:  (864) 240-2477
                               Email: tami.mcknew@smithmoorelaw.com

                               Attorneys for Plaintiffs

GREENVILLE 274303v1