IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

Edward W. Van Romer and )
Basic Concepts, Inc., )
) Civil Action No. 6:06-2867-WMC
     Plaintiff, )
) **O R D E R**
  vs. )
)
Interstate Products, Inc., )
)
     Defendant. )
)

   This matter is before the court on the plaintiffs' motion for partial summary judgment (doc. 220). The case was referred to this court for disposition on December 10, 2009, upon consent of the parties and pursuant to Title 28, United States Code, Section 636(c), and Local Civil Rule 73.01(B) DSC, by order of The Honorable Henry F. Floyd, United States District Judge. A non-jury trial is scheduled to begin on March 15, 2010.

   The plaintiffs bring this action under 35 U.S.C. § 271 against the defendant for infringement of a patent for collapsible spill containment berms, United States Patent 5,762,233 (the '233 patent). The '233 patent discloses a portable containment for containing spilled material preventing environmental ground contamination, which can be folded for transportation and storage and unfolded for use. Plaintiff Basic Concepts, Inc., is a company founded by plaintiff Edward V. Van Romer, and it is the exclusive licensee of Mr. Van Romer's patents. Mr. Van Romer remains the owner of the '233 patent.

   The defendant has raised a counterclaim alleging that the patent is invalid and/or unenforceable due to the failure of each individual associated with the filing and prosecution of the patent application to disclose to the United States Patent and Trademark Office ("USPTO") all information known to be material to patentability. On February 10, 2010, the plaintiffs filed a motion for summary judgment on the issue of inequitable conduct

as asserted in the defendant's counterclaim.  The defendant filed its opposition on March 3, 2010, and supplemented the opposition on March 7, 2010.  The plaintiffs filed a reply brief on March 9, 2010.

## **FACTS PRESENTED**

The defendant alleges in its counterclaim that plaintiff Van Romer and his attorneys and agents failed to disclose to the USPTO the existence of certain prior art, the Seattle Tarp berm.  The Seattle Tarp Company was a competitor of plaintiff Basic Concepts.  The invention of the berm illustrated in the '233 patent existed at least as early as January 14, 1997 (pl. m.s.j., ex. 2, pp. BASIC0299-304).  On February 3, 1997, Basic Concepts received a Seattle Tarp berm.

On May 7, 1997, attorney Cort Flint, who is also the plaintiffs' attorney in this action, filed an application for Mr. Van Romer for the '233 patent in the USPO.  The patent issued on June 9, 1998, slightly a year after it was filed, because there was no rejection based on prior art made by the Patent Office examiner in charge of the application (2/10/10 Flint decl. ¶ 3).  In his declaration dated December 3, 2009, Mr. Flint testified that when he prepared and filed '233 patent application, he "was not aware of the Seattle Tarp berm" (12/3/09 Flint decl. ¶ 4).  However, in his declaration dated February 10, 2010, Mr. Flint testified as follows:  "When I first examined the Seattle Tarp berm prior to filing the patent application, it was not dated.  I advised the plaintiffs to try to find the date the Seattle Tarp berm was first sold, offered for sale, or used. . . " (2/10/10 Flint decl. ¶ 5).

On July 15, 2009, Mr. Van Romer sent a letter to Seattle Tarp Company accusing it of infringing the '233 patent (pl. m.s.j., ex. 3).  In September 1999, Mr. Flint sent Seattle Tarp Company an infringement notice letter on behalf of the plaintiffs.  He stated in the letter, "[I]f you have any prior art which you believe would be relevant for us to consider, we would be glad to do so" (pl. m.s.j., ex. 4).  Mr. Flint stated in the letter that the

plaintiffs believed the Seattle Tarp berm infringed at least independent claims 1 and 16 of the '233 patent (*id.*). In his February 2010 declaration, Mr. Flint stated that the Seattle Tarp berm lacks elements central to the '233 patent; in particular, he contends the Seattle Tarp berm lacks the feature described in independent claims 1 and 16 of the '233 patent (2/10/10 Flint decl. ¶ 7).

## **APPLICABLE LAW AND ANALYSIS**

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1)there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id*. at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the non movant and in favor of the non moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. V. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not

3

rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id*. At 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's positions is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at trial on the merits.

Title 35, United States Code, Section 102(a), prohibits a patent if "the invention was known or used by others in this country, or patented or described in a printed publication in this or a foreign country, before the invention thereof by the applicant for patent." Title 35, United States Code, Section 103(a), provides:

> A patent may not be obtained though the invention is not identically disclosed or described as set forth in section 102 of this title, if the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains. . . .

4

35 U.S.C. § 103(a).

The duty of disclosure requires that even arguably material information be submitted to the examiner rather than withheld by the applicant. *See LNP Eng'g Plastics, Inc. v. Miller Waste Mills, Inc.*, 275 F.3d 1347, 1361 (Fed. Cir. 2001) ("[W]hen a question of materiality is close, a patent applicant should err on the side of disclosure."); *LaBounty Mfg., Inc. v. U.S. Int'l Trade Comm'n*, 958 F.2d 1066, 1076 (Fed. Cir. 1992) ("[A close case] makes it all the more necessary that the [reference] should [be] disclosed to the examiner. Close cases should be resolved by disclosure, not unilaterally by the applicant.").

The materiality of art turns on whether "'a reasonable examiner would consider it important in deciding whether to allow the application to issue as a patent.'" *Symantec Corp. v. Computer Assocs. Int'l, Inc.*, 522 F.3d 1279, 1297 (Fed. Cir. 2008) (quoting *eSpeed, Inc. v. BrokerTec USA, L.L.C.*, 480 F.3d 1129, 1136 (Fed. Cir. 2007)). An omission may be material even if the omission would not have rendered the invention unpatentable. *Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1318 (Fed. Cir. 2006). The USPTO's Rule 56 describes materiality in the following ways: "The Office encourages applicants to carefully examine … [t]he closest information over which individuals associated with the filing or prosecution of a patent application believe any pending claim patentably defines, to make sure that any material information contained therein is disclosed to the Office." 37 C.F.R. § 1.56(a) (2010).

> [I]nformation is material to patentability when it is not cumulative of information already of record or being made of record in the application, and (1) it establishes, by itself or in combination with other information, a prima facie case of unpatentability of a claim; or (2) [i]t refutes, or is inconsistent with, a position the applicant takes in: (i) [o]pposing an argument of unpatentability relied on by the Office, or (ii) [a]sserting an argument of patentability.

*Id.* § 1.56(b).

5

Claims of inequitable conduct are subject not merely to proof by a preponderance of the evidence; proof by the very high "clear and convincing" standard is required. To survive summary judgment, as the court explained in *Rothman v. Target Corp.*, 556 F.3d 1310 (Fed. Cir. 2000), the defendant must elicit substantial evidence that the plaintiffs (1) knew the Seattle Tarp berm was material; (2) failed to disclose it to the USPTO; and (3) did so intending to deceive the USPTO in order to obtain a patent. *Id.* at 1323. "Intent to deceive cannot be inferred from a high degree of materiality alone, but must be separately proved to establish unenforceability due to inequitable conduct." *Astrazeneca Pharmaceuticals L.P. v. Teva Pharmaceuticals USA, Inc.*, 583 F.3d 766, 770 (Fed. Cir. 2009).

The plaintiffs argue that the defendant has no evidence of deceptive intent. They also argue that the Seattle Tarp berm was not material to the examination of the '233 patent because it was not prior art. Specifically, the plaintiffs contend that the defendant's assertion rests entirely on the testimony of Robert Dean Perlatti, a principal in Seattle Tarp Company. The plaintiffs argue that Mr. Perlatti's testimony is equivocal, based on hearsay, and uncorroborated (pl. m.s.j. 6-11). The plaintiffs further contend that even if the Seattle Tarp berm was prior art, it would not invalidate the '233 patent because it lacks an element central to the independent claims of the '233 patent - that is, it did not include the recited brace fixture that affixes a hinge a fixed distance from the retaining wall as set forth in combination with the other claimed features (pl. m.s.j. 12-15).

The defendant argues that even if the Seattle Tarp berm did not have the one element as contended by the plaintiffs, it was still – beyond anything else the plaintiffs disclosed to the USPTO – the "closest information" they could hope to define over, and it should have been disclosed. The defendant contends that the inconsistencies in Mr. Flint's two declarations (in one stating that he was not aware of the Seattle Tarp berm when he filed the patent application and in the other stating that he examined the Seattle Tarp berm

prior to filing the patent application) raise genuine questions as to deceptive intent. In addition, the defendant argues that the plaintiffs' conduct during this litigation, in which the plaintiffs refused to allow defendant's counsel to inspect the Seattle Tarp berm until ordered to do so by Judge Floyd, is also evidence of intent to deceive (def. resp. m.s.j. 5-6, 15).

## **CONCLUSION**

Wherefore, based upon the foregoing, it appears to this court that issues of material fact remain on the allegation of inequitable conduct. Accordingly, the plaintiffs' motion for partial summary judgment (doc. 220) is denied.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

March 10, 2010

Greenville, South Carolina