IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Edward W. Van Romer and Basic Concepts, Inc., <br><br> Plaintiffs, <br><br> vs. <br><br> Interstate Products, Inc., <br><br> Defendant. | Civil Action No. 6:06-2867-WMC <br><br> **O R D E R** |

This matter is before the court following a bench trial on March 15-17, 2010. The case was referred to this court for disposition on December 10, 2009, upon consent of the parties and pursuant to Title 28, United States Code, Section 636(c), and Local Civil Rule 73.01(B) DSC, by order of The Honorable Henry F. Floyd, United States District Judge.

On March 31, 2010, this court issued an order finding the defendant Interstate Products, Inc. ("IPI") liable for infringement of U.S. Patent No. 5,762,233, by virtue of its sales of Ready Berm™ spill containment devices. Reasonable royalties totaling $457,987, together with prejudgment interest, were awarded to the plaintiffs Edward W. Van Romer and Basic Concepts, Inc. ("BCI"). In addition, this court enjoined IPI from "any and all activities that would constitute direct or contributory infringement of [the '233 patent] for the remaining life of the patent."

On April 29, 2010, the defendant moved to stay enforcement of the monetary portion[1] of the judgment during its appeal of the order. On April 30, 2010, the defendant

---

[1] The plaintiffs note that the defendant did not mention the court's injunction in its motion to stay. The plaintiffs argue that any stay of the court's injunction is prohibited by the Federal Rules of Civil Procedure. The defendant makes clear in its reply brief that the injunction is not at issue here, stating it requests only that "enforcement of the monetary portion of the judgment be stayed during appeal, without requiring a full supersedeas bond" (def. reply at 2).

filed its notice of appeal to the United States Court of Appeals for the Federal Circuit. The plaintiffs filed their response in opposition to the motion to stay on May 6, 2010. The defendant filed a reply on May 17, 2010.

The defendant asks that the stay be granted without requiring a bond or, in the alternative, without a full bond. Federal Rule of Civil Procedure 62(d) provides:

> If an appeal is taken, the appellant may obtain a stay by supersedeas bond, except in an action described in Rule 62(a)(1) or (2). The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond.

Fed. R. Civ. P. 62(d).

> Local Rule 62.01 provides in pertinent part:
>
> The appellant shall not be entitled to a stay of execution of the judgment pending appeal unless the appellant executes a bond with good and sufficient sureties, approved by the Clerk of Court, payable to the Clerk of Court with condition, failing the appeal, to satisfy such judgment as the appellate court may render, when the judgment is:
>
> (A) For the payment of money only, in an amount equal to 150% of the amount of the judgment if the judgment does not exceed ten thousand dollars ($10,000) or 125% if the judgment exceeds ten thousand dollars ($10,000).
>
> ***
>
> The approval of the supersedeas bond by the Clerk of Court, unless contested by the opposing party, shall constitute a stay of the judgment when the judgment is for the payment of money only or the payment of money and some other act and the appellant wishes to supersede the judgment as to the payment of money only. . . .

Local Civil Rule 62.01 DSC. Accordingly, a full supersedeas bond in this case would be 125% of the judgment amount.

Federal Rule of Civil Procedure 62 entitles an appellant to a stay of a money judgment as a matter of right upon the posting of a supersedeas bond. *Fed. Prescription*

2

*Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 759 (D.C. Cir.1980). However, Rule 62(d) "does not address, and hence does not preclude, issuance of a stay on the basis of some lesser bond, or indeed, no bond." *Alexander v. Chesapeake, Potomac & Tidewater Books, Inc.*, 190 F.R.D. 190, 192 (E.D. Va.1999). The Rule leaves intact the district court's inherent discretion to stay judgments pending appeal when the appellant does not file a supersedeas bond. *Id.*

In *Southeast Booksellers Assoc. v. McMaster*, 233 F.R.D. 456 (D.S.C. 2006), Senior United States District Judge Patrick Duffy stated:

> "The purpose of a supersedeas bond is to secure the appellee [here, BCI] from loss resulting from the stay of execution. Because the stay operated for the appellant's benefit and deprives the appellee of the immediate benefits of his judgment, a full supersedeas bond should be the requirement in normal circumstances, such a where there is some reasonable likelihood of the judgment debtor's inability or unwillingness to satisfy the judgment in full upon ultimate disposition of the case and where posting adequate security is practicable. In unusual circumstances, however, the district court in its discretion may order partially secured or unsecured stays, if [it does] not unduly endanger the judgment creditor's interest in ultimate recovery."

*Id.* at 459 (quoting *Fed. Prescription Serv., Inc. v. Am. Pharm. Ass'n*, 636 F.2d 755, 760-61 (D.C. Cir. 1980)). A full bond may not be necessary when either: "(1) the judgment debtor can easily meet the judgment and demonstrates that it will maintain the same level of solvency during appeal, [or] (2) when the 'judgment debtor's present financial condition is such that the posting of a full bond would impose an undue financial burden.'" *Alexander*, 190 F.R.D. at 193 (quoting *Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir.1979)).

In *Kirby v. General Elec. Co.*, 210 F.R.D. 180 (W.D. N.C. 2000), the district court stated:

> Before the Court can exercise its discretion to grant a stay without a bond, it must first determine that a stay is warranted.

3

> The Supreme Court has set forth the factors regulating the issuance of a stay: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776, 107 S.Ct. 2113, 95 L.Ed.2d 724 (1987) (citations omitted). After determining that a stay is warranted, the Court must then determine that it should issue a stay on less than a full bond securing the entire judgment.

*Id.* at 195.

IPI argues that the above factors establish that a stay should be granted, and it should not be required to post a full bond. Specifically, IPI argues that this court's order "overlooks and/or is contrary to the arguments, authorities, and evidence contained in the record" (def. m. to stay at 6). However, as pointed out by the plaintiffs, the defendant's arguments in this regard have previously been considered by this court and Judge Floyd and were rejected. IPI argues that the second factor favors it as any attempt to enforce the judgment will disrupt and impair its ability to do business. As to the third factor, the plaintiffs contend that they will be adversely affected by a stay as they will be forced to fund an appeal on the unsupported hope that IPI will pay the judgment in the future. The parties agree that the fourth factor is not relevant here.

Alternatively, IPI requests that the court set the bond for a lesser amount as it cannot afford a full bond. Specifically, IPI states that it can afford to post a bond of $75,000. IPI states that it can make additional monthly contributions of $10,000 while the appeal is pending. The defendant submitted the declaration of Richard Eisenberg, the president of IPI, who testified that IPI lacks sufficient funds to satisfy the judgment amount and also does not have the assets to provide the collateral for a full supersedeas bond. Mr. Eisenberg testified that if the judgment is not stayed during appeal, IPI will be forced to file for bankruptcy protection. He further stated that if the court stays enforcement of the

4

judgment during appeal, IPI estimates that increased revenues during 2010 will allow the company to begin rebuilding its cash reserves, which would enable it to satisfy the judgment if the appeal is unsuccessful. Along with its reply brief, the defendant submitted its 2007 and 2008 federal tax returns and 2010 schedule of assets.

The plaintiffs contend that the defendant's argument "that Basic Concepts should be happy to wait for its money . . . because not obtaining a bond will financially strengthen IPI . . . is non-sensical" as "IPI cannot be excused from this Court's injunctive order." Therefore, assuming IPI complies with the injunctive order, IPI stands to lose "20-30 percent of its pre-trial sales," and its "financial picture is not likely to become stronger under that scenario" (pl. opp. at 7). The plaintiffs contends that this is "precisely the purpose of a bond in the amount required by Local Rule 62.01 - to protect the judgment creditor against changes in the status quo pending appeal" (pl. opp. at 7).

After considering all of the factors, this court declines to issue a stay of judgment pending appeal without a full supersedeas bond. The defendant has not made a strong showing that it is likely to succeed on the merits, and the remaining factors are evenly divided. Accordingly, the defendant must comply with Local Rule 62.01 in order to stay enforcement of the money judgment against it.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

May 19, 2010

Greenville, South Carolina